IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAHIID M. ALAMIIN, a/k/a JAMES SHOCKEY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. CIV-06-871-F ) |
| JEWEL BEASLEY, et al., | ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Defendants have filed a motion to dismiss/motion for summary judgment. Plaintiff has responded and thus the matter is at issue. For the following reasons, it is recommended that Defendants' motion, treated as a motion to dismiss, be denied.

In his first amended complaint, Plaintiff names Officer Beasley, whom he identifies as a correctional officer at Great Plains Correctional Facility (Great Plains or GPCF); and Kyle Dishman, identified as the warden's designee at Great Plains.[1] In a three-count complaint Plaintiff alleges first that Defendant Beasley denied him his religious rights under the First and Fourteenth Amendments, 42 U.S.C. § 2000cc, the Oklahoma Constitution, Oklahoma Department of Corrections Policies and Procedures, and Great

---

[1] Plaintiff is currently housed at the Lawton Correctional Facility in Lawton, Oklahoma, but all of the events at issue here occurred while he was an inmate at Great Plains in Hinton, Oklahoma.

Plains Policies and Procedures by subjecting him – a Muslim – to punishment for his refusal to accept a food tray containing an item forbidden by his religious beliefs.[2] First Amended Complaint, p. 3-5. In the second count, Plaintiff alleges that Defendant Dishman similarly denied his religious rights by affirming a misconduct conviction resulting from the disciplinary action instigated by Defendant Beasley as a result of the incident regarding the food tray. Id. at 5-6. In the third count, Plaintiff does not name any Defendant, but provides additional information regarding Halaal/Haraam food labeling, and Great Plains' policy regarding the handling of situations in which inmates are unable to eat certain foods for dietary or religious reasons. First Amended Complaint, p. 7.

## I. DEFENDANTS' ALTERNATIVE MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT

As noted above, Defendants have moved to either dismiss the complaint or, alternatively, for summary judgment. However, the undersigned has not treated the motion as one under Fed.R.Civ.P. 56 due to Defendants' failure to comply with the procedural requirements for such motions in the United States District Court for the Western District of Oklahoma. Under Local Civil Rule 56.1(b):

> The brief in support of a motion for summary judgment (or partial summary judgment) shall begin with a section that contains a concise statement of material facts to which the moving party contends no genuine issue of fact exists. The facts shall be numbered and shall refer with particularity to those portions of the record upon which movant relies.

---

[2]In his pleadings and administrative materials, Plaintiff uses the terms Haraam (forbidden) and Halaal (permissible) to describe food items. See Plaintiff's Response to Defendants' Motion, Ex. F, p. 3 (Glossary).

2

Local Civ.R. 56.1(b).³ Defendants' brief contains a numbered list of facts, but *no* citation to the record is given anywhere therein, much less a particular reference. Accordingly, the undersigned declines to consider the motion as one for summary judgment and has instead considered it under the standard governing motions to dismiss.

Before proceeding to that analysis, the undersigned also notes that the substantive portion of Defendants' motion – particularly with regard to Proposition II – fails to provide any argument or authority showing the materiality of the facts discussed therein, or to specifically reference the various theories of recovery contained in the Amended Complaint. Rather, Defendants persistently engage in unsupported and self-serving arguments; in fact, to call the motion conclusory would be generous. Defendants even cite to an overruled Tenth Circuit decision without noting its negative history, going so far as to quote one of the passages therefrom that is completely without precedential value. See Defendants' Motion, p. 5 (quoting Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1207-09 (10th Cir. 2003), abrogated by Jones v. Bock, __ U.S. __, 127 S.Ct. 910, 921-22 (2007)).

## II. DISCUSSION

Defendants move to dismiss on three grounds. First, they contend that Plaintiff has failed to show exhaustion of administrative remedies. Defendants' Motion, p. 4-5. Second, they claim that there are no pork ingredients served in any of the food which is the subject of Plaintiff's complaint. Defendants' Motion, p. 6. Third, they claim that

---

³The Local Court Rules were amended after the filing of Defendants' brief, effective June 15, 2007. However, there was no change in Local Civ.R. 56.1(b).

Defendant Dishman had no personal involvement in the incident which forms the basis of Plaintiff's suit.  Id.

**A. Exhaustion of Administrative Remedies**

Defendants first move to dismiss on grounds that Plaintiff has failed to exhaust his administrative remedies.  Defendants's Motion, p. 4-5.  Although they acknowledge that exhaustion is now an affirmative defense under the Prison Litigation Reform Act, citing Jones v. Bock, ___ U.S. ___, 127 S.Ct. 910, 921 (2007), they also cite Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1207-09 (10th Cir. 2003), abrogated by Jones v. Bock, and quote a passage from that case containing a proposition which was clearly rejected by the United States Supreme Court in Jones – and do so without noting Steele's negative history. Defendants' Motion, p. 5.  The provision quoted – requiring prisoners to bear the burden of showing exhaustion by particularized averments or by attaching copies of administrative documents – is no longer the law.  In a recent case, the Tenth Circuit noted that Jones

> effectively overruled both Ross[4] and Steele. In Jones v. Bock, Warden, --- U.S. ----, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), the Court resolved the circuit splits surrounding these two issues and (1) found "that the failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints," id. at 921, and (2) specifically abrogated the "total exhaustion" requirement, id. at 923-26.

Freeman v. Watkins,  479 F.3d 1257, 1259 (10th Cir. 2007);  Wallin v. Dycus, Nos. 04-1097, 05-1439, 2007 WL 655043, at *3 (10th Cir. Feb. 23, 2007) (failure to exhaust is

---

[4] In Ross v. County of Bernalillo, 365 F.3d 1181, 1190 (10th Cir. 2004), the Tenth Circuit construed PLRA to require "total exhaustion" in § 1983 actions.

affirmative defense).[5]  As Plaintiff "no longer has the duty of pleading exhaustion …it is no longer appropriate for the district court to require an affirmative showing of exhaustion at this stage of the case." <u>Freeman</u>, 479 F.3d at 1260.  It is recommended that Defendants' motion to dismiss on grounds that Plaintiff failed to show exhaustion of administrative remedies be denied.[6]

**B.  Food Served at GPCF is Free of Pork**

Defendants also move for dismissal on grounds that the "facility's investigation, and the documentation attached to Plaintiff's Complaint, are all evidence that supports GPCF's findings in the Special Report that there are no pork ingredients served in any of the food as complained of by Plaintiff."  Defendants' Motion, p. 6.   For the purposes of the motion to dismiss, the undersigned will construe this as an argument that Plaintiff's failure to allege that the food item GPCF attempted to serve to him on September 29, 2005, contained pork or pork by-products is fatal to his claims. Defendants do not provide any argument or legal authority in support of such a contention.

Plaintiff alleges that he has been a practicing orthodox Muslim since February 1996, and that he believes that foods containing certain ingredients and that are not identified as either Kosher or Halaal must be treated as Haraam under Islamic law. Amended Complaint, p. 2, 4, 7.  More specifically, he alleges that he has shown GPCF kitchen staff and religious leaders information on Halaal/Haraam food awareness that

---

[5]This and any other unpublished disposition are cited herein for persuasive authority pursuant to Tenth Circuit Rule 32.1.

[6]If it were clear from the face of Plaintiff's complaint that he had not exhausted his administrative remedies, the result would be different; that is simply not the case here. <u>See</u> <u>Freeman</u> 479 F.3d at 1260.

outlines ingredients that are possible pork and pork by-products, and that outside religious leaders state that any food item containing these ingredients that does not show either a Halaal or Kosher symbol should be treated as if it is a pork product. Amended Complaint, P. 4. Plaintiff alleges that Cornell Corrections, Inc. policy provides for inmates to receive religious meals if a request is approved by the religious coordinator, and further, that if an inmate is unable for religious or dietary reasons to eat one of the food items served at a particular meal, then he is by policy to be offered a double portion of one of the other items on the menu. Cornell Corrections, Inc, Procedure N-1. (attached to Amended Complaint).

Plaintiff alleges that pursuant to GPCF policy, he requested and was granted a religious diet, and attaches a May 2003 request to staff, directed to religious coordinator Kent Wood, requesting that he be

> provided with a pork and pork byproduct free diet, jello -- pudding sytle [sic] product free diet. On the days that the items are serve [sic] I am requesting not to be served this [sic] items, or to have them replaced (just leave that space open) for I cannot eat these items.
>
> To have the above requested approved. As religious diet.

Request to Staff, May 28, 2003 (attached to Amended Complaint). Mr. Wood's response was "Done." Id. Plaintiff claims that he was not denied his religious diet until September 29, 2005, when Defendant Beasley refused his approved religious diet tray; Plaintiff alleges that on that day, GPCF served a pudding product that he was unable to eat for religious reasons in accordance with the diet approved by the religious coordinator, and was ordered by Defendant Beasley to accept a food tray that had that item on it. Amended Complaint, p. 2; Special Report, Ex. 1. He further alleges that when

he refused, he was escorted out of the dining hall and into the hallway. Amended Complaint, p. 2-3. He alleges that he attempted to explain to Defendant Beasley, Officer Mitchell, and Deputy Warden Travis Smith that he had an approved religious diet, but was escorted to the restrictive housing unit and charged with the misconduct offense of "disobedience to orders." Amended Complaint, p. 2-3; Special Report, Ex. 1. Plaintiff claims that Defendant Beasley's actions were knowing, arbitrary, malicious, and deliberately indifferent in that she violated clearly established law and failed to follow facility policy by forcing him to either take the non-approved tray or be punished. Amended Complaint, p. 5. He alleges that she then placed him in segregation, and issued a misconduct report against him to cause him further harm, forcing him "to suffer through the month of Ramadan in the segregation unit for following his religious beliefs...." Id.

Defendants have failed to indicate how Plaintiff's failure to allege that the food item contained pork or a pork by-product is fatal to any of his claims either by referencing the essential elements of those claims or providing any legal authority. Moreover, Plaintiff alleges in the Amended Complaint that it is his religious belief that he should refrain from eating foods containing certain items unless they are properly marked, and alleges that he had an approved religious diet that specifically allowed him to forgo eating pudding and jello products. Accordingly, the lack of pork or pork by-products in the food item in question appears to be irrelevant to his claims, at least on their face. In light of the foregoing, it is recommended that Defendants' motion to dismiss

on grounds that GPCF does not serve food containing pork or pork by-products should be denied.

### C. Motion to Dismiss of Defendant Dishman

Next, Defendant Dishman moves to dismiss Plaintiff's claims against him. Defendants state in their motion that there is no evidence that Defendant Dishman failed to follow any procedure. Defendants' Motion, p. 6. They note that although Plaintiff alleges that he was found guilty without any evidence, Defendant Dishman "had no had [sic] in the finding of Plaintiff's guilt" and "merely reviewed the Hearing Report for compliance with minimum due process requirements and found that they had been satisfied in accord with DOC policy." Defendants' Motion, p. 6. Defendants continue that "[b]ecause the Plaintiff fails to state a claim upon which relief can be granted and has failed to allege that the Defendants are the actual party that aggrieved him, the present action must be dismissed." Id. As with the previous ground for dismissal, Defendants have failed to provide any authority in support of their motion.

Plaintiff responds that under the policy governing due process reviews on misconduct appeals, Defendant Dishman was required to respond to each issue raised, and did not respond to Plaintiff's claim that the misconduct charge was an attack against him on religious grounds or even acknowledge his claim of a religious violation or that due process was not provided. Plaintiff's Response to Defendants' Motion, p. 4. He claims that the Director's Designee found that due process was not provided. Id. In his Amended Complaint, he alleges that Defendant Dishman denied his religious rights "under the U.S. Constitution, Fisrt [sic] Amendment, Fourteenth Amendment, 42 U.S.C.

§ 2000cc, Oklahoma Constitution, O.D.O.C. Policies and Great Plains Correc. Policies and Procedures, when he affirmed the misconduct conviction when any reasoning mind can easily see that there was no evidence to Officer Beasley allegation against plaintiff and that the plaintiff having a prior approval for religious diet should have dismissed misconduct report ...." Amended Complaint, p. 5-6. He claims that Defendant Dishman's finding that the religious coordinator's memo did not give him the right to refuse Defendant Beasley's order forced him to appeal further in order to get the misconduct reversed, causing him to suffer lengthier punishments. Amended Complaint, p. 6. He claims that Defendant Dishman did so arbitrarily, maliciously, and with deliberate indifference. Id. at 6-7.

The undersigned finds that Plaintiff has alleged that Defendant Dishman personally participated in the violation of his religious/due process rights. Although Defendants are correct that Defendant Dishman was not the hearing officer who found Plaintiff guilty of the misconduct, Plaintiff does not allege that as the offending action. Instead, Plaintiff alleges that Defendant Dishman violated his rights by affirming the misconduct even though he was aware of the memo approving of the religious diet, and alleges that he did so arbitrarily, maliciously, and with deliberate indifference. He also argues that following Defendant Dishman's review, the Director's Designee found that due process had not been provided, and he attaches the response from the Director's Designee to his Amended Complaint. He alleges that Defendant Dishman's failure to follow GPCF policy and applicable law, and reverse the misconduct at the time of his

review, lengthened his punishment. Accordingly, it is recommended that Defendant Dishman's motion to dismiss be denied.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that the motion to dismiss/motion for summary judgment [Doc. No. 31] be treated as a motion to dismiss, and that the motion be denied. It is further recommended that Plaintiff's motion for an extension of time [Doc. No. 43] be denied as moot, and that Plaintiff's motion for default judgment and to strike Defendants' extension of time [Doc. No. 34] be denied.[7] The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 13, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir.

---

[7]Plaintiff's complaint regarding the timeliness of Defendants' March 5, 2007 motion for extension of time is incorrect factually, and in even if it were correct, Defendants' filings were no more than a few days past the scheduled deadline. It is within the Court's discretion whether to enter a default judgment under Fed.R.Civ.P. 55(b)(2), and the undersigned finds that disposition on the merits is certainly favored under these circumstances. Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987) ("A trial court is vested with broad discretion in deciding a default judgment question").

1991). This Report and Recommendation does not dispose of the issues referred to the undersigned Magistrate Judge in the captioned matter.[8]

**ENTERED this 23rd day of July, 2007.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE

---

[8]Because the undersigned treated the instant motion as one to dismiss, it was determined that disposition of Plaintiff's cross-motion for summary judgment [Doc. No. 35] should be deferred.