IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| WAHIID M. ALAMIIN, a/k/a | ) | |
|---|---|---|
| JAMES SHOCKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-06-871-F |
| | ) | |
| JEWEL BEASLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing through counsel, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Defendants Beasley and Dishman have filed a joint motion for summary judgment. Despite an extension of time, Plaintiff has failed to respond. However, Plaintiff and Defendants Beasley and Dishman have now filed a stipulation for dismissal. The stipulation reads as follows: "Plaintiff Wahiid Alamiin and Defendants Beasley and Dishman (only) hereby stipulate to the dismissal of all pending claims against Defendants Beasley and Dishman (only) based upon the Tenth Circuit's holding in Abdulhaseeb v. Calbone, 600 F. 3d 1301 (10th Cir. 2010). All parties to bear their own costs and attorney fees." [Doc. No. 133].

Under Fed.R.Civ.P. 41(a)(1)(A)(ii), a plaintiff may dismiss an action without an order of the Court if the stipulation of dismissal is signed by all parties who have appeared in the

action. Smith v. Phillips, 881 F.2d 902, 904 (10th Cir. 1989) ("A voluntary dismissal by stipulation under Rule 41(a)(1)(ii) is of right, cannot be conditioned by the court, and does not call for the exercise of any discretion on the part of the court."). Defendants Dishman and Beasley are the only currently-named Defendants who have appeared in this action.[1] Accordingly, this stipulation acts as a dismissal of Defendants Beasely and Dishman. It is therefore recommended that the motion for summary judgment of Defendants Beasley and Dishman be denied as moot.

## RECOMMENDATION

For the reasons set forth above, it is recommended that the motion for summary judgment of Defendants Beasley and Dishman [Doc. No.129] be denied as moot. The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by December 6th, 2010, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation does not dispose of all issues referred to the undersigned

---

[1] The governing complaint, Plaintiff's Second Amended Complaint, only names four Defendants: Kyle Dishman, Jewel Beasley, the Oklahoma Department of Corrections, and Cornell Companies, Inc. Although electronic summonses were issued to the Oklahoma Department of Corrections and Cornell Companies, Inc. on August 6, 2010 – the same day the Second Amended Complaint was filed – there is nothing indicating that they have been served. Under Rule 4(m), Plaintiff's action against these unserved Defendants is subject to dismissal if they are not served within 120 days of the date the complaint against them was filed. Thus, Plaintiffs time to affect service on the Oklahoma Department of Corrections and Cornell Companies, Inc. expires on December 4, 2010.

Magistrate Judge in the captioned matter.

**ENTERED this 17th day of November, 2010.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE