# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAHIID M. ALAMIIN, a/k/a ) <br> JAMES SHOCKEY, ) <br> ) <br>       Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JEWEL BEASLEY, et al., ) <br> ) <br>       Defendants. ) | Case No. CIV-06-871-F |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing through counsel, brings this action pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Defendant Oklahoma Department of Corrections has filed a motion to dismiss. Plaintiff has responded, and a reply has also been filed. Thus, the matter is at issue and ready for disposition. For the following reasons, it is recommended that the motion to dismiss be granted.

In his second amended complaint, Plaintiff names as Defendants[1] the Oklahoma Department of Corrections and Cornell Companies, Inc. Defendant Cornell Companies, Inc. operates the Great Plains Correctional Facility (Great Plains), a private prison facility where Plaintiff, while under the custody of Defendant Oklahoma Department of Corrections, was formerly housed.

---

[1] Plaintiff also named Jewel Beasley and Kyle Dishman as Defendants, but a stipulation of dismissal was entered as to them on November 10, 2010. [Doc. No. 133].

The first two counts of the Second Amended Complaint concern Defendants Beasley and Dishman, who have now been dismissed from this action. In his third count, Plaintiff alleges that Defendants Oklahoma Department of Corrections (ODOC) and Cornell Companies, Inc., violated his rights under RLUIPA when they refused to provide him with a Halal diet in conformance with his sincerely held religious beliefs, causing him to suffer damages. Second Amended Complaint, ¶ 17-18. He further claims that this refusal was malicious, willful, and in reckless or gross disregard of his rights, and he requests punitive damages. Id. at ¶ 19. As relief, Plaintiff seeks a declaration that these acts violated his rights under RLUIPA, compensatory damages for "humiliation, embarrassment, and emotional and mental distress," compensation for the loss of earned credits he could have earned when his classification level was decreased as the result of a misconduct offense related to his failure to accept pudding on his food tray on September 29, 2005," interest and costs, punitive damages, and "all other relief available under RLUIPA ...." Id. at ¶ 19(a)-(g).

## I. PROCEDURAL HISTORY

Plaintiff initiated this action on August 16, 2006, naming as Defendants Jewel Beasley and Kyle Dishman, respectively a captain and the warden's designee at Great Plains Correctional Facility (GPCF) [Doc. No. 1]. In that two-count complaint, Plaintiff first alleged that Defendant Beasley violated his religious rights by forcing him to accept pudding on his food tray even though he had been granted permission by the chaplain not to eat pudding for religious reasons. He alleged that Defendant Dishman also violated his religious rights by affirming a misconduct he received as a result of his refusal to accept pudding on

2

his tray. On December 29, 2006, Plaintiff filed his first amended complaint, adding a third count alleging that prison policy allowed him to refuse a food item that is prohibited by his religious beliefs; Beasley and Dishman were still the only Defendants named. [Doc. No. 26].

On March 16, 2007, Defendants Beasley and Dishman moved to dismiss the amended complaint on three grounds. [Doc. No. 31]. The undersigned recommended that Defendants' motion to dismiss for Plaintiff's failure to exhaust his administrative remedies be denied because Defendants relied upon overruled case law placing the burden of both pleading and proving exhaustion upon the Plaintiff. The undersigned also recommended denial of Defendants' motion to dismiss based upon their contention that the documentation attached to Plaintiff's Complaint showed that there are no pork ingredients served in any of the pudding or jello products at GPCF. Because Plaintiff alleged in the Amended Complaint that his religious beliefs require him to refrain from eating foods containing certain items unless they are properly marked, and alleged that he had an approved religious diet that specifically allowed him to forgo eating pudding and jello products, the undersigned found Defendant's contention that there are no pork by-products in the pudding to be irrelevant. Finally, the undersigned also recommended the denial of the motion to dismiss on grounds that Plaintiff had failed to allege that Defendant Dishman personally participated in the violation of his rights. That Report and Recommendation was adopted by Judge Friot on August 30, 2007. [Doc. No. 49].

On October 5, 2007, Defendants Beasley and Dishman filed a motion for summary judgment. [Doc. No. 54]. On February 22, 2008, the undersigned recommended denying

3

the summary judgment motion of Defendant Beasley, and granting in part and denying in part the summary judgment motion of Defendant Dishman. [Doc. No. 62]. The undersigned also recommended the appointment of counsel. The undersigned found that Defendant Beasley and Dishman were not entitled to summary judgment on Plaintiff's First Amendment claim because Plaintiff came forward with evidence showing that his approved religious diet was deliberately denied. [Doc. No. 62]. It was recommended that Defendant Dishman be granted summary judgment on Plaintiff's claims under the First Amendment, RLUIPA, and for Plaintiff's claim that his right to substantive due process was violated. It was further recommended that Dishman be granted summary judgment on Plaintiff's claim that the acts of Defendant Dishman resulted in his lowered security classification for the period extending from the date of his misconduct charge to the time he was reinstated to classification level 3. However, it was recommended that Defendant Dishman's motion for summary judgment on Plaintiff's procedural due process claim be denied.

That Report and Recommendation was adopted by Judge Friot on June 6, 2008. [Doc. No. 70]. Judge Friot recommitted the matter to the undersigned to arrange for the appointment of counsel, and counsel entered an appearance on behalf of Plaintiff on September 15, 2008. [Doc. Nos. 70, 71]. Three scheduling orders were entered by Judge Friot from December 1, 2008 to July 14, 2009. [Doc. Nos. 78, 89, 101]. On August 7, 2009, Defendants Beasley and Dishman moved for a stay of the case on grounds that a similar case in which an Oklahoma prisoner alleged that he was forced to violate the tenets of the Muslim faith when he was denied a Halal diet was then on appeal in the Tenth Circuit. [Doc. No.

140]. The stay was granted, and the parties were directed to inform the Court when the decision in that case had been reached. [Doc. No. 106]. On April 16, 2010, the parties notified the Court that the Tenth Circuit had reached its decision in Abdulhaseeb v. Calbone, 600 F.3d 1301 (10th Cir. 2010), cert. denied 131 S.Ct. 469 (2010). A fourth scheduling order was entered on May 4, 2010. [Doc. No. 111]. Thereafter, Plaintiff moved the Court to allow him to again amend his complaint; that motion was granted and Plaintiff filed his Second Amended Complaint on August 6, 2010. [Doc. No. 120]. This complaint added two Defendants - Defendant ODOC and Defendant Cornell Companies, Inc. – and it is the Second Amended Complaint that now governs the action. Plaintiff obtained service upon these additional Defendants on September 27, 2010. [Doc. Nos. 135, 136]. Defendant Cornell Companies, Inc. filed its answer on November 29, 2010. [Doc. No. 139].

On September 29, 2010, Defendants Beasley and Dishman moved for summary judgment with regard to the Second Amended Complaint. [Doc. 129]. Judge Friot re-referred this action to the undersigned, and ordered that the scheduling order then in effect be stricken with the exception of the discovery deadline – which was set for November 15, 2010, and has now expired. Before a recommendation on the merits of Beasley and Dishman's motion for summary judgment was entered, a stipulation of dismissal with regard to those Defendants was filed. [Doc. No. 133]. Accordingly, it was recommended that the pending motions for summary judgment by Defendants Beasley and Dishman be denied as moot. [Doc. No. 134]. Judge Friot adopted that Report and Recommendation on December 9, 2010. [Doc. No. 140].

On December 13, 2010, Defendant ODOC filed the motion to dismiss that is now before the Court. [Doc. No. 142]. ODOC's sole proposition is that it is entitled to Eleventh Amendment immunity on Plaintiff's damages claim under RLUIPA.

**II. STANDARD GOVERNING MOTIONS TO DISMISS**

Traditionally, a complaint was subject to Rule 12(b)(6) dismissal for failure to state a claim upon which relief could be granted if "it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957), abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). However, in Twombly, the Supreme Court articulated a new "plausibility" standard for reviewing Rule 12(b)(6) motions to dismiss under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." Id. at 570; accord Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "Rather than adjudging whether a claim is 'improbable, factual allegations in a complaint must be enough to raise a right to relief above the speculative level.'" Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) (alterations omitted) (quoting Twombly, 550 U.S. at 555) (evaluating pro se prisoner complaint under plausibility standard). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

A court considering the sufficiency of a complaint still must "accept the allegations

of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Kay, 500 F.3d at 1217 (quoting Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002)). With this standard in mind, the undersigned will address the motion at hand.

**III. DISCUSSION**

As noted, Plaintiff amended his complaint in August to add both ODOC and Cornell Companies, Inc. as Defendants, and with the stipulated dismissal of Defendants Beasley and Dishman they are now the only remaining Defendants. Defendant ODOC contends that pursuant to the Eleventh Amendment, it is entitled to absolute immunity from Plaintiff's claim for damages. ODOC Motion to Dismiss, 1-4. Defendant ODOC contends that as an arm of the state, it may assert the sovereign immunity of the State. Id. at 2-3. Defendant ODOC points out that Plaintiff has only requested monetary damages, and not injunctive relief and that "Plaintiff's incarceration at [Lawton Correctional Facility] is the subject of an ongoing case before this Court." Id. at 2, 4 (citing Alamiin v. Miller, No. CIV-08-1371 (W.D. Okla.).

In response, Plaintiff argues that RLUIPA carves out a statutory cause of action which allows him to obtain "appropriate relief against a government." Plaintiff's Response, 1-2 (citing 42 U.S.C. 2000cc-2(a)). He claims that if Eleventh Amendment immunity were available in a RLUIPA case, then the private right of action authorized by the statute "would become a nullity." Id. at 2. He also contends that the allegations herein are strikingly similar to those considered by the Tenth Circuit in Abdulhaseeb v. Calbone, 600 F.3d 1301 (10th

7

Cir. 2010), and that "[p]er the teaching of Abdulhaseeb, Eleventh Amendment immunity is not available to ODOC" as long as he can establish the essential elements of his RLUIPA claim. Id. at 2-3. Plaintiff makes no reference to his other Halal diet case pending in this Court and referenced by Defendant in its motion. See Plaintiff's Response. Finally, he claims that injunctive relief is available under RLUIPA, and that he "affirmatively seeks injunctive relief." Id. at 4. He also argues that if "it is determined under notice pleading rules that the Second Amended Complaint does not adequately notify defendants of the claim for injunctive relief, then Plaintiff will seek leave to amend within the time frame allotted by the court." Id.

Defendant ODOC replies that Plaintiff bears the burden of establishing subject matter jurisdiction. Defendant ODOC's Reply, 1. Defendant ODOC argues that RLUIPA's provision allowing "appropriate relief against a government" does not unequivocally condition a State's acceptance of federal funds upon a waiver of its immunity against a damages suit, and that such an ambiguity should be construed in favor of immunity. Id. at 2. It claims that Plaintiff's reliance on Abdulhaseeb is misplaced because the plaintiff in that suit did not sue ODOC, but ODOC's director and several of its employees. Id. at 2. It also cites to a passage in Abdulhaseeb wherein the Court stated that according to one of RLUIPA's sponsors, "the Act does not abrogate the Eleventh Amendment immunity of states." Defendant ODOC's Reply, 3 (citing Abdulhaseeb, 600 F.3d at 1312). Finally, Defendant ODOC notes that the majority of circuits to consider the issue have found that RLUIPA does not waive a state's Eleventh Amendment immunity for a claim of damages.

Id. at 3-4. Defendant ODOC states that Plaintiff failed to seek injunctive relief in this case, but it again notes that Plaintiff is already seeking injunctive relief in a case now before the Court, and that justice does not require amendment to add a claim for injunctive relief in this case. Id. at 4 (citing Alamiin v. Miller, No. CIV-08-1371-F). For the following reasons, the undersigned agrees that Defendant ODOC is immune from Plaintiff's claim for damages under RLUIPA.

The undersigned finds reliance on Abdulhaseeb misplaced for two reasons. First, as noted by Defendant ODOC, the plaintiff in that case did not bring his action against either the State or an agency of the State – instead, ODOC employees acting in their official capacities were named. Abdulhaseeb, 600 F.3d at 1301. Second, and more importantly, the issue of Eleventh Amendment immunity was not raised by the defendants in that case, and the Tenth Circuit specifically stated that it was not deciding that issue. Id. at 1312.

In addition, although Plaintiff does not address it, Judge Friot has held in Plaintiff's other Halal diet case that damages are *not* available under RLUIPA against ODOC employees in their official capacities. Abdulhaseeb v. Miller, CIV-08-1371 slip op. at 3-4 (W.D. Okla. Sept. 10, 2010) (Friot, J.). In that order, Judge Friot was considering a Report and Recommendation entered by the undersigned on June 28, 2010, in which it was stated:

> Although there are genuine issues of material fact precluding summary judgment on the merits of Plaintiff's religious diet RLUIPA claim, there is some question as to the relief available against these particular Defendants. Defendants Miller and Tinker argue that RLUIPA only permits cases against a government entity or against individuals in their official capacities. Motion of Defendant Miller, 18. They also contend that because RLUIPA only allows for "*appropriate* relief against a government," damages are unavailable. Id.

9

at 19 (emphasis added). Thus, they argue that "to the extent Plaintiff seeks damages or any relief other than injunctive or declaratory relief under RLUIPA, his claims are barred." Id. In a similar vein, Defendant Morton contends that any claim for damages against her in her official capacity is barred by the Eleventh Amendment. Motion of Morton, 7.

...

> The extent to which individuals may be liable for damages in their *official* capacities under RLUIPA is less than clear under current law. Five federal circuit courts of appeal have held that a claim for damages against individuals in their official capacities are improper under the Eleventh Amendment. See Van Wyhe v. Reisch, 581 F.3d 639, 654 (8th Cir.2009) (agreeing with "the analysis of the Fourth, Fifth, Sixth, and Seventh Circuits that RLUIPA's 'appropriate relief' language does not unambiguously encompass monetary damages so as to effect a waiver of sovereign immunity), cert. denied 130 S.Ct. 3323 (2010); Nelson v. Miller, 570 F.3d 868, 884-85 (7th Cir.2009); Cardinal v. Metrish, 564 F.3d 794, 801 (6th Cir. 2009), petition for cert. filed, 78 U.S.L.W. 3065 (July 22, 2009) (No. 09-109); Madison v. Virginia, 474 F.3d 118, 131 (4th Cir.2006); Sossamon v. Lone Star State of Tex., 560 F.3d 316, 331 (5th Cir.), petition for cert. granted, 130 S.Ct. 3319 (2010) (No. 08-1438). The United States Supreme Court granted a writ of certiorari in Sossamon on the following issue: "Whether an individual may sue a State or state official in his official capacity for damages for violations of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq. (2000 ed.)." Sossamon v. Texas ___ U.S. ___, 2010 WL 2025142, 1 (May 24, 2010). The Tenth Circuit has yet to weigh in, and the Addulhaseeb court declined to address the effect of Eleventh Amendment immunity on the availability of damages under RLUIPA because the defendants did not raise the issue. *Without any contrary guidance from the Tenth Circuit, and having been persuaded by the reasoning of the courts in the Fourth, Fifth, Sixth, Seventh, and Eighth Circuits, the undersigned finds that damages are not available against individuals acting in their official capacities.*

Alamiin v. Miller, No. CIV-08-1371, 2010 WL 3603150, at *11-12 (W.D. Okla. June 28, 2010) (Argo, M.J.) (emphasis added) (footnote omitted), Report and Recommendation adopted, Alamiin v. Miller, CIV-08-1371 slip op. at 3 (W.D. Okla. Sept. 10, 2010) (Friot, J.).

10

The undersigned notes that the United States Supreme Court has not yet reached a decision in Sossamon.[2]

In light of the foregoing, the undersigned recommends that the motion to dismiss of Defendant ODOC be granted. The undersigned agrees that the Second Amended Complaint does not refer to injunctive relief. Indeed, the Second Amended Complaint states that the violation of RLUIPA "caused Plaintiff to suffer damages," that "punitive damages are warranted under the circumstances," that Plaintiff is entitled to "compensatory damages for humiliation, embarrassment, and emotional and mental distress," and that he is entitled to "compensation for the loss of earned credits." Second Amended Complaint, ¶¶ 18, 19, 19(c)(d)(f). Plaintiff makes absolutely no reference to any prospective relief in either the body of the complaint or his request for relief. Plaintiff presumably contends that his request for "[a]ll other relief available under RLUIPA and the First and Fourteenth Amendments" places Defendants on notice that prospective relief is being sought. However, he never specifically states that, and so obviously provides no authority to support that position. Plaintiff alludes to his plan to seek leave to amend, Plaintiff's Response, 4, but the undersigned does not construe this passing comment in Plaintiff's response to be a formal motion to amend and so makes no recommendation with regard to it.

## **RECOMMENDATION**

For the reasons and to the extent set forth above, it is recommended that the Motion

---

[2]Oral argument was held before the United States Supreme Court on November 2, 2010. Sossamon v. Texas, No. 08-1438, 2010 WL 4317135 (U.S. Nov. 2, 2010).

to Dismiss of Defendant ODOC [Doc. No. 142], be granted. The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by March 8, 2011, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter, as the Defendant Cornell Companies, Inc. has only filed an answer.

**ENTERED this 15th day of February, 2011.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE