# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| WAHIID MAJAHEED ALAMIIN, | ) |
| a/k/a JAMES SHOCKEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-06-0871-F |
| | ) |
| JEWEL BEASLEY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Wahiid Mujaheed Alamiin a/k/a James Shockey, Jr., a state prisoner appearing through counsel, brings this action pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA).

1. <u>Report and Recommendation of the Magistrate Judge, and Plaintiff's Objection to Same.</u>

Plaintiff has objected (doc. no. 150) to the February 15, 2011 Report and Recommendation of Magistrate Judge Doyle W. Argo (doc. no. 148), in which the Magistrate Judge recommends that the motion to dismiss of defendant the Oklahoma Department of Corrections be granted. Plaintiff's sole objection to the Report is the Magistrate Judge's failure to provide leave to file a Third Amended Complaint.

As required by 28 U.S.C. §636(b)(1), the court has reviewed all matters covered in the Report and has reviewed all objected to matters *de novo*. Having concluded that review, and after careful consideration of plaintiff's objections, the record, and the relevant authorities, the court finds that it agrees with the Report and Recommendation of the Magistrate Judge with respect to all matters covered in the Report including the Magistrate Judge's failure to address a motion to amend which

was, at that stage, a hypothetical request. As stated in the Report, plaintiff had merely alluded to a plan to seek leave to amend. The Magistrate Judge did not construe this passing reference as a formal motion to amend, and thus made no recommendation in that regard.

No purpose would be served by stating any further analysis here except to note that before denying the objection to the Report, the court has considered the merits of plaintiff's motion for leave to amend which was filed after the Magistrate Judge's Report. (Doc. no. 149.) Having considered the merits of the motion for leave to amend, the court finds that the ends of justice do not require leave to amend in these circumstances. (See discussion below.) This conclusion further supports the court's determination that the Magistrate Judge correctly declined to address plaintiff's passing reference to a prospective motion to amend.

Accordingly, plaintiff's objection to the Report of Magistrate Judge Argo is **DENIED**. The Report is **ACCEPTED**, **ADOPTED**, and **AFFIRMED** in its entirety.

2. Motion for Leave to Amend (Doc. no. 149).

As mentioned, plaintiff has now filed a formal motion seeking leave to file a Third Amended Complaint. (Doc. no. 149.) The purpose of the proposed amendment is to add a request for injunctive relief. Defendant objects to the amendment.[1]

Rule 15(a), Fed. R. Civ. P., provides that the court should freely give leave to amend when justice so requires. In the careful exercise of its discretion, the court takes the following matters into consideration.

This action was filed on August 16, 2006, more than four years and seven months ago. Plaintiff has already filed three iterations of the complaint. There have

---

[1] Defendant did not respond to the motion, but defendant's reply brief at doc. no. 146 (replying to plaintiff's response to defendant's motion to dismiss) states defendant's objections to amendment.

been previous rounds of dispositive motions. Trial, and deadlines for amendments to the pleadings, have been set and re-set four times (see doc. nos. 78, 89, 101, 111), only to be stricken as various developments ensued.[2] The latest round of briefing followed allowance of the Second Amended Complaint, filed on August 8, 2010, after the Tenth Circuit's decision in another case involving a prisoner's halal diet and after this court allowed the amendment under Rule 15.

If a new amendment were allowed now, another round of dispositive motions might be necessary with respect to this defendant. Moreover, the Magistrate Judge has entered an order (doc. no. 147) requiring all dispositive motions to be filed by April 1, 2011. Clearly, the Magistrate Judge's order and schedule does not anticipate or accommodate a new version of the complaint, yet to be filed. The proposed amendment would place undue burdens on the defendant and on the court.

The proposed amendment is potentially prejudicial to the defendant and to the ends of justice, given the length of time since this action was filed and the possible degrading of witnesses and evidence.

Another action brought by the plaintiff also involving denial of a halal diet, although at his current facility, is pending before the undersigned as CIV-08-1371-F. Like this action, the 2008 action brings claims under RLUIPA. Plaintiff seeks injunctive relief in the 2008 action, the type of relief he seeks to include in a Third Amended Complaint in this action. He also seeks declaratory relief in the 2008 action. The 2008 action includes Oklahoma Department of Corrections defendants. Plaintiff has appointed counsel in the 2008 action. The 2008 action is set for trial in August of 2011. Given this other action, which is currently on a faster track to trial,

---

[2] In the last scheduling order, stricken except for the discovery deadline when it became necessary to again refer the action back to the Magistrate Judge following the filing of dispositive motions challenging the Second Amended Complaint, the deadline for any motion to amend the pleadings was June 1, 2010.

denial of leave to amend in the instant action causes little real prejudice to the plaintiff. The motion for leave to amend does not attempt to argue otherwise, despite the fact that the 2008 action has been cited by defendant as grounds to deny leave to amend. (Doc. no. 146, p. 4.)

The reason given for failure to include a request for injunctive relief in an earlier version of the complaint is counsel's filing of an inadequate pleading.

The ends of justice require all actions, at some point, to move beyond the pleadings stage and toward final adjudication.

Considering all of the circumstances, justice does not require a fourth attempt at the pleadings. The motion for leave to amend is **DENIED**.

### 3. Action Remains Referred

This order does not dispose of all issues referred to the Magistrate Judge. This action remains referred.

Dated this 25th day of March, 2011.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0871p028.wpd